U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 9 2012

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-287-A |
| | § | (NO. 4:11-CR-153-A) |
| | § | |
| CHRISTOPHER TURRENTINE | § | |

## MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Christopher

Turrentine, under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  The government filed a response, and movant

filed a reply.  Having now considered all of the parties'

filings, the entire record of this case, and applicable legal

authorities, the court concludes that the motion should be

denied.

I.

### Background

On November 10, 2011, movant pleaded guilty to one count of

wire fraud in violation of 18 U.S.C. § 1343.  On February 24,

2012, the court sentenced movant to thirty-six months'

imprisonment, followed by a three-year term of supervised release

upon discharge from prison.  On March 21, 2012, the court granted

the motion to withdraw filed by movant's attorney, Edgar Mason

("Mason").  Movant filed a notice of appeal pro se, which he later withdrew with permission of the United States Court of Appeals for the Fifth Circuit.

II.

Grounds of the Motion

In the motion movant asserted two grounds of relief claiming that Mason provided ineffective assistance of counsel.  Movant's first ground alleges that Mason was ineffective for withdrawing movant's objection to $745,455.05 in restitution recommended in the presentence report.  As his second ground movant contends that Mason was ineffective for withdrawing movant's objection to the two-level enhancement for use of "sophisticated means."

As the factual basis for ground one movant alleged that he only pleaded guilty to one count of wire fraud, with a loss amount of less than $200,000.  However, following his guilty plea, the presentence report listed a total restitution amount of $745,455.05, which movant contends erroneously included payments received from the University of Southern Mississippi ("USM").

Movant previously owned a company called ETS Development Group, Inc.  Movant's company merged with a company known as BossDev to form ETS Development Group, LLC.  After the merger, movant continued working for USM and instructed USM to pay him

2

directly, rather than paying ETS Development Group, LLC.
However, movant maintains that this conduct was permitted because
of an apparent conflict between two documents signed September
23, 2006, during the merger:  a non-competition agreement that
prohibited movant from competing with ETS Development Group, LLC,
and a Company Agreement, that stated no member would be
prohibited or restricted from engaging in a competitive business.
The Company Agreement also stated that it constituted the "entire
agreement" between the parties, and that all prior agreements
were no longer in effect.  Because of this language in the
Company Agreement, movant claims he believed that he had a right
to personally continue servicing the USM account and receive
payment accordingly.  Movant contends that the majority of the
$745,455.05 restitution amount in the presentence report was
comprised of payments received from USM.

Based on movant's contentions, Mason initially objected to
the restitution calculation in the presentence report to the
extent it exceeded $200,000, claiming that the majority of the
additional funds in that calculation were payments from USM.
However, approximately ten days before the sentencing hearing,
Mason withdrew the objection.  Movant contends that Mason's
withdrawal of the objection caused a fourteen-level increase in

3

his base sentence level and thus increased his sentence.

As the factual basis for his second claim, movant contends that his actions were comprised of merely servicing accounts without ETS Development Group, LLC's knowledge, and depositing payments for his work into his personal account.  Although admitting he falsely told an employee of ETS Development Group, LLC, that an account had been closed in order to hide the fact that he received the money personally, he claims this lie, along with his other actions, did not rise to the level required for a sophisticated means enhancement.  Although Mason originally objected to this enhancement, he eventually withdrew it, causing a two-level increase in movant's sentence level.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc).  A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing

both "cause" for his procedural default and "actual prejudice"
resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255
does not offer recourse to all who suffer trial errors, but is
reserved for transgressions of constitutional rights and other
narrow injuries that could not have been raised on direct appeal
but, if condoned, would result in a complete miscarriage of
justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.
Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A.   Applicable Legal Standards

To prevail on a claim of ineffective assistance of counsel,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Both prongs of the Strickland test must be met to
demonstrate ineffective assistance; however, both prongs need not
be considered if movant makes an insufficient showing as to one.
Strickland, 466 U.S. at 687, 697.  Judicial scrutiny of this type
of claim must be highly deferential, and movant must overcome a

5

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by <u>Strickland</u>.

B.   <u>Merits</u>

Movant contends counsel was ineffective for withdrawing his objection to the $745,455.05 restitution amount. This objection was meritless, and counsel is not ineffective for failing to make a frivolous objection. <u>Emery v. Johnson</u>, 139 F.3d 191, 198 (5th Cir. 1997).

The basis of the objection to the $745,455.05 restitution amount was movant's contention that the Company Agreement overrode the non-compete agreement, thus allowing him to continue servicing USM and personally receiving payment for those

services.   In withdrawing the objection, however, Mason indicated that he had discovered two documents that cast doubt on this contention.   Attached to the government's response are the two documents:   one titled "Secretary Certificate BOSSDev, Inc.," and a second titled "Consent in Lieu of a Joint Special Meeting of the Board of Directors and Sole Shareholder of BossDev, Inc." Both documents are signed September 23, 2006.   The effect of both documents is to "ratify, approve, affirm and accept" certain documents, including both the non-competition agreement and the Company Agreement.

The documents call into question the viability of movant's objection because they could lead to the conclusion that the non-competition agreement remained in effect, a conclusion that eviscerated movant's claim that his actions were consistent with the parties' agreements.   Even if movant continued to believe that his actions were authorized by the Company Agreement, the new documents at least raised a question about the validity of that belief.   Continuing to pursue the objection, in light of the new information, could have jeopardized movant's credit for acceptance of responsibility and the downward departure granted by the court.   The court is not willing in hindsight to consider counsel's decision improper.   Counsel was not deficient for

7

withdrawing an objection that he believed no longer had merit.

Although movant now claims he did not intend to defraud ETS Development Group, LLC, by continuing his work for USM, this contention is belied by the record of his conduct pertaining to that account. Movant did not inform ETS Development Group, LLC, that he was continuing to work on the USM account. Movant never informed USM he was servicing the account in his individual capacity, but instead directed USM to make payments to ETS Development Group, LLC. However, movant opened an account in the name of ETS Development Group LLC, without the company's knowledge, deposited the money in the account, and used it for his own benefit. Such conduct is inconsistent with movant's after-the-fact, self-serving assertion that he had no intent to defraud ETS Development Group, LLC. Nor do movant's assertions detract from the conclusion that withdrawing the objection to restitution was a reasoned strategy on Mason's part.

Movant in his affidavit contends he pleaded guilty "under the pretense" that the restitution amount would be less than $200,000, the amount offered by movant to settle the civil suit against him arising from the same conduct. This contention has no support in the record. The amount of $200,000 is not

mentioned in the information nor in the factual resume.[1]  The
factual resume movant signed on October 14, 2011, stated that
restitution "may include restitution arising from all relevant
conduct, not limited to that arising from the offenses of
conviction alone."  Factual Resume at 2.  During movant's
arraignment hearing, the court informed movant that it could
impose punishment that might disregard certain stipulated facts
or take into accounts fact not mentioned in the stipulated facts.
Arraignment Tr. at 8.  The court also informed movant that by
pleading guilty he would be required to make restitution "that
would include all of your relevant conduct, not just the conduct
described in the information."  Id. at 21.  Movant thus had ample
warning that the court could look beyond the information and
factual resume in determining the restitution amount.[2]

    Mason also was not ineffective for withdrawing the objection
to the enhancement for sophisticated means.  The Guidelines
provide for a two-level enhancement if an offense involves
"sophisticated means." U.S. Sentencing Guidelines Manual §

---

[1]The factual resume includes under the heading "Penalty" a fine "not to exceed $250,000."
Movant does not contend he mistakenly thought the fine amount was the total restitution amount, nor
could he, as restitution is clearly addressed in a separate paragraph of the factual resume.

[2]Movant submitted an affidavit wherein he complains about a number of issues pertaining to his
case and to Mason.  The court does not find anything in the affidavit as would support a conclusion that
Mason rendered ineffective assistance of counsel.

2B1.1(b)(9)(C)(2009).  Under the Guidelines,

> 'sophisticated means' means especially complex or
> especially intricate offense conduct pertaining to the
> execution or concealment of an offense.  For example,
> in a telemarketing scheme, locating the main office of
> the scheme in one jurisdiction but locating soliciting
> operations in another jurisdiction ordinarily indicates
> sophisticated means.  Conduct such as hiding assets or
> transactions, or both, through the use of fictitious
> entities, corporate shells, or offshore financial
> accounts also ordinarily indicates sophisticated means.

Id. at cmt. n.8 (B)(2009).

The presentence report described the conduct justifying the

sophisticated means enhancement as follows:

> 32.  Specific Offense Characteristics: In order to
>       successfully execute his fraudulent scheme, the
>       defendant checked the status of invoices with
>       staff members; altered invoices to contain his
>       borne address; instructed clients to send payments
>       directly to him; instructed staff members to void
>       invoices wherein payments had unknowingly been
>       made; opened an authorized bank account with a
>       name similar to the actually company's name;
>       deposited the ill-gotten funds into his account or
>       an account under his control; and, used the
>       deposits for his own personal benefit, including
>       investment in his horse racing business. The
>       defendant's ongoing and repeated fraudulent
>       scheme entailed a series of acts and steps
>       ("layering") conducted to successfully execute the
>       scheme and to avoid detection. Pursuant to USSG
>       §2B1.1(b)(9)(C), increase by 2 offense levels if
>       the offense otherwise involved sophisticated
>       means.

Presentence Report at 9.  The conduct described by the

presentence report is consistent with that found by the Fifth

Circuit to warrant an enhancement for sophisticated means.  <u>See</u>,
<u>e.g.</u>, <u>United States v. Wright</u>, 496 F.3d 371, 377-79 (5th Cir.
2007).  Movant recognized this, acknowledging in his objection
that the law was not in his favor and that he had no authority to
support his position.  As stated earlier, counsel is not
deficient for failing to raise a frivolous objection.  <u>Emery</u>, 139
F.3d at 198.  Movant cites nothing in his motion as could lead to
a conclusion that Mason rendered ineffective assistance for
withdrawing his objection to the sophisticated means enhancement.

V.

<u>ORDER</u>

Therefore,

The court ORDERS that the motion of Christopher Turrentine
to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §
2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate
Procedure, Rule 11(a) of the Rules Governing Section 2255
Proceedings for the United States District Courts, and 28 U.S.C.
§ 2253(c)(2), for the reasons discussed herein, the court further
ORDERS that a certificate of appealability be, and is hereby,

11

denied, as movant has not made a substantial showing of the
denial of a constitutional right.

    SIGNED November 9, 2012.

JOHN McBRYDE
United States District Judge